**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DANIEL SHAW,

*Plaintiff*,

v. 6:26-cv-00366 (AMN/CBF)

PUBLISHERS CLEARING HOUSE, FEDERAL BUREAU OF INVESTIGATION, and ARB INTERACTIVE,

*Defendants*.

---

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| **DANIEL SHAW**<br>31 Burnside Ave, Apt. 1<br>Oneonta, NY 13820<br>Plaintiff *pro se* | |
| **ECKERT, SEAMANS LAW FIRM**<br>10 Bank Street, Suite 700<br>White Plains, NY 10606<br>*Attorneys for Defendants PCH Digital, LLC and ARB Interactive, Inc.* | **RIYAZ G. BHIMANI, ESQ.** |
| **UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK**<br>100 S. Clinton Street, Suite 900<br>Syracuse, NY 13261<br>*Attorneys for Defendant Federal Bureau of Investigation* | **FORREST T. YOUNG, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On March 9, 2026, plaintiff Daniel Shaw ("Plaintiff") filed a complaint against defendants PCH Digital, LLC, sued herein as Publishers Clearing House ("Defendant PCH") and the Federal

Bureau of Investigation (the "FBI"), alleging a violation of the Federal Wiretap Act, 18 U.S.C. §§ 2501 *et seq*. Dkt. No. 1 ("Complaint"). On March 24, 2026, Plaintiff amended his complaint to add a cause of action for theft of trade secrets in violation of 18 U.S.C. § 1832, to add as a defendant ARB Interactive, Inc. ("Defendant ARB"; together with Defendant PCH, the "PCH Defendants") and to include additional factual allegations. Dkt. No. 8 ("Amended Complaint").

Presently before the Court are (1) the PCH Defendants' motion to dismiss the Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"), Dkt. No. 30; (2) the FBI's motion to dismiss the Amended Complaint pursuant to Rule 12, Dkt. No. 42; and (3) Plaintiff's motion for a temporary restraining order against Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Rule 65"), Dkt. No. 38. Plaintiff also filed a premature appeal of the dismissal of this case. Dkt. No. 45. In light of Plaintiff's *pro se* status, the Court construes this as an opposition to Defendants' pending motions to dismiss. For the reasons set forth below, the Court grants Defendants' motions and denies Plaintiff's motion as moot.

## II. BACKGROUND

### A. Plaintiff's Factual Allegations

Defendant PCH runs a free online money sweepstakes contest. Dkt. No. 8 at 7.[1] According to the PCH Defendants, Defendant PCH is a wholly owned subsidiary of Defendant ARB. Dkt. No. 30 at 6. Plaintiff alleges that for the past four years, he has entered Defendant PCH's sweepstakes contests at what he describes as a "professional level." Dkt. No. 8 at 7; Dkt. No. 45 at 1. He contends that his "excessive playing" led the government to begin an investigation, leading the FBI to obtain a "non-confirmed wiretap" of his telephone. Dkt. No. 8 at 7. He contends

[1] Citations referring to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

that he is owed millions of dollars in sweepstakes winnings, presumably from Defendant PCH. He also asserts that, during the same period, he has been conducting an experiment that has led to his discovery of a "cure for substance use," which he asserts is valued at $50 trillion dollars, and which he believes has been copied to a USB drive. Dkt. No. 45 at 1-2; Dkt. No. 8 at 6. Plaintiff concedes that his suspicions about both the alleged wiretap and the alleged theft of his intellectual property are unconfirmed. *See* Dkt. No. 8 at 6-7.

### B. Plaintiff's Legal Claims

Plaintiff asserts two causes of action: one claim pursuant to the Federal Wiretap Act, 18 U.S.C. §§ 2501 *et seq.*; and one claim for trade secret theft pursuant to 18 U.S.C. § 1832. *Id.* at 3. Plaintiff seeks "payment in full" of an unspecified amount owed, which he estimates to be in the millions of dollars. *Id.* at 4, 7. He further requests "proof of the wiretap warrant and reason [he has] not been talked to in 4 years," as well as a formal apology for his mental stress and harm. *Id.* at 4. Plaintiff further requests that the Court "provide proof that [his] trade secrets have not been copied to a [USB] drive," and that "non-discloser [sic] agreements be signed." *Id.*

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)). "The doctrine of sovereign immunity is jurisdictional in nature," *Marakova v. United States.*, 201 F.3d 110, 113 (2d Cir. 2000), and therefore properly invoked in a motion pursuant to Rule 12(b)(1), *see Futia v. United*

*States*, No. 23-860, 2024 WL 2151115 (2d Cir. May 14, 2024), *cert. denied*, 145 S. Ct. 593 (2024), *reh'g denied*, 145 S. Ct. 1227 (2025).

Where a plaintiff lacks Article III standing, "a court has no subject matter jurisdiction to hear [his] claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). "[A] plaintiff must demonstrate standing for each claim and form of relief sought." *Neurological Surgery Prac. of Long Island, PLLC v. United States Dep't of Health & Hum. Servs.*, 145 F.4th 212, 225 (2d Cir. 2025) (internal quotation marks omitted). Each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Thus, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.*

To resolve such a motion, the court "accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir. 1997)). However, a court "need not accept as true contested jurisdictional allegations." *deBroize v. New York State*, No. 99-CV-0904, 2001 WL 1217192, at *2 (N.D.N.Y. Sept. 21, 2001). Thus, a court considering contested jurisdictional facts under Rule 12(b)(1) may refer to evidence outside the pleadings. *Id.* (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir.2000)). The plaintiff bears the burden of demonstrating that there is subject matter jurisdiction by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

**B. Rule 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations

omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, a court still "may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

## IV. DISCUSSION

### A. Sovereign Immunity

As an initial matter, the FBI asserts that, as an arm of the federal government, it is immune from suit pursuant to the doctrine of sovereign immunity. Dkt. No. 42-1 at 5-9. The FBI contends that Plaintiff cannot establish by a preponderance of the evidence that the Court has subject matter jurisdiction over his claims against the FBI because he cannot identify any waiver of sovereign immunity that would permit his suit to proceed. *Id.* at 5-8. Moreover, the FBI asserts that to the extent the Court might liberally construe Plaintiff's claims as falling within the limited waiver of sovereign immunity set forth in the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"), Plaintiff has nevertheless failed to satisfy its administrative exhaustion requirement. *Id.* at 8-9; *see* 28 U.S.C. § 2675(a) (requiring a claimant to have "first presented [his] claim to the appropriate Federal agency" and obtained a "deni[al] by the agency in writing and sent by certified or registered mail," or for the agency to have "fail[ed] . . . to make final disposition of [the] claim within six months after it is filed"). In response, Plaintiff urges that "jurisdiction in this case has a valid basis" and that his case "should be heard in open court" but identifies no legal authority in support of his argument. Dkt. No. 45 at 2.

**1. Waiver as to Plaintiff's Asserted Claims**

It is "axiomatic under the principle of sovereign immunity that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (internal quotation marks omitted). "Moreover, waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Id.* (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). Such a waiver must be "strictly construed in favor of the government." *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) (quoting *Long Island Radio Co. v. NLRB.*, 841 F.2d 474, 477 (2d Cir. 1988)). Courts find a waiver of sovereign immunity only where the "statute says in so many words that it is stripping immunity from a sovereign entity," or where the "statute creates a cause of action and authorizes suit against a government on that claim." *Fin. Oversight and Mgmt. Bd. for P.R. v. Centro de Periodismo Investigativo, Inc.*, 598 U.S. 339, 347 (2023).

Plaintiff purports to sue for violations of the Federal Wiretap Act, 18 U.S.C. §§ 2501 *et seq.*, and for theft of trade secrets under 18 U.S.C. § 1832. Dkt. No. 8 at 3. Congress has not waived sovereign immunity in either of these statutes. The Federal Wiretap Act explicitly provides for a private right of action against any person or entity "other than the United States." 18 U.S.C. § 2520(a). Section 1832, meanwhile, is a criminal statute that does not contemplate private enforcement. *See id.* at § 1832. Plaintiff might have intended to sue instead under Section 1836, which provides that "[a]n owner of a trade secret that is misappropriated may bring a civil action . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." *Id.* at § 1836. That section, however, is silent as to whether a suit may be maintained against the United States. *See id.* The Court cannot construe a waiver of sovereign immunity where none is evident in the text. *See Fin. Oversight and Mgmt. Bd. for P.R.*,

598 U.S. at 347 (2023). As such, the Court lacks jurisdiction to adjudicate Plaintiff's claims against the FBI as pled.

**2. Waiver as to Claims the Court Might Construe Plaintiff as Asserting**

Given Plaintiff's *pro se* status, the Court must interpret his pleadings to raise the "strongest arguments that they suggest." *Demarest v. Town of Underhill*, No. 24-147, 2025 WL 88417, at *1 (2d Cir. Jan. 14, 2025), *cert. denied sub nom. Demarest v. Town of Underhill, Vermont*, 145 S. Ct. 2706 (2025) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The Court might liberally construe Plaintiff's allegations as bringing constitutional tort claims or claims under the Federal Tort Claims Act. Nevertheless, "the United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts." *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). The Court accordingly cannot retain jurisdiction over Plaintiff's claims against the FBI by construing them as constitutional torts.

The Court might instead maintain jurisdiction pursuant to the "limited waiver of the United States government's sovereign immunity" contained in the FTCA. *Gjidija v. United States*, 848 F. App'x 451, 454 (2d Cir. 2021); *see* 28 U.S.C. § 1346(b)(1) (conferring federal jurisdiction for tort suits against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). The FTCA's waiver of sovereign immunity is limited by its requirement that a plaintiff exhaust any available administrative remedies by presenting an administrative claim to the appropriate agency and receiving a denial, before the claim may be adjudicated in federal court. *See* 18 U.S.C. § 2675(a). This requirement may be satisfied where the agency provides a written denial, sent by certified or registered mail; or where the agency fails to resolve the claim within six months of filing and thereby constructively denies the claim. *Id.* Plaintiff bears the burden of

pleading and proving compliance with the FTCA's statutory requirements to establish that jurisdiction is proper in this Court. *Davis v. Goldstein*, 563 F. App'x 800, 802 (2d Cir. 2014).

Here, Plaintiff alleges that he has "reported [his] suspicions to the proper authorities" and lists several law enforcement agencies, including the FBI. Dkt. No. 8 at 7. However, he does not allege that he requested any relief relating to his claims. The Court therefore cannot maintain jurisdiction over Plaintiff's claims against the FBI pursuant to the FTCA.

* * *

The Court can discern no plausible basis for subject matter jurisdiction to adjudicate Plaintiff's claims against the FBI and therefore dismisses these claims without prejudice.[2]

**B. Article III Standing**

The PCH Defendants assert that Plaintiff lacks standing to assert his claims against them because he "fails to allege that [he] sustained any actual injury in fact" traceable to their alleged conduct. Dkt. No. 30-1 at 10-11. Affording Plaintiff due solicitude, Plaintiff alleges a pocketbook injury and the theft of his intellectual property, which he alleges the PCH Defendants caused. Dkt. No. 8 at 7. Harms of this nature constitute a cognizable injury in fact. *Document Techs., Inc. v. LDiscovery, LLC*, 731 F. App'x 31, 33-35 (2d Cir. 2018) (citing *Gallop*, 642 F.3d at 369). The Court accordingly has subject matter jurisdiction to adjudicate Plaintiff's claims against the PCH Defendants.

---

[2] The FBI requests that the Court dismiss these claims with prejudice. Dkt. No. 42-1 at 7. However, "when a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss [the] case with prejudice." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017).

### C. Failure to State a Claim

Having dismissed Plaintiff's claims against the FBI for lack of subject matter jurisdiction, the Court does not reach whether Plaintiff states a claim against the FBI. *See Katz*, 872 F.3d at 121. Accordingly, the Court analyzes the sufficiency of Plaintiff's allegations only as to the PCH Defendants.

#### 1. Plaintiff's Wiretap Act Claim

Plaintiff fails to state a claim for violation of the Wiretap Act. The Wiretap Act authorizes "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to "recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520. As the PCH Defendants note, "a plaintiff must allege that a communication was intentionally intercepted through the use of a device" in order to state a claim under the Wiretap Act. Dkt. No. 30-1 at 9 (quoting *Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 139 (E.D.N.Y. 2010) (Bianco, J.)) (internal quotation marks omitted). The Court "need not accept a conclusory allegation that conduct alleged in the complaint constituted an interception under the Wiretap Act." *Id.* (quoting *Conte*, 703 F. Supp. 2d at 139). Here, Plaintiff alleges that his "excessive playing" of certain PCH games caused him to be "investigated by the government," and that he is subject to a "non-confirmed wiretap." Dkt. No. 8 at 7. Even crediting Plaintiff's speculative allegations, the Court can discern no allegation that either PCH Defendant intentionally intercepted his communications through the alleged wiretap. *See Conte*, 703 F. Supp. 2d. at 139. And while copying materials to a USB drive might constitute intentional interception through the use of a device, Plaintiff's allegation that his intellectual property "has been copied to a [USB] drive," Dkt. No. 8 at 6, does not identify who copied this information, nor when or how they did so, as

necessary for the Court to find the allegation plausible, *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff in response urges the Court to confirm the existence of a wiretap on his property, reiterating that his use of the Publishers Clearing House platform caused a national security alert leading to the wiretap because he has allegedly won more money than the government possesses. Dkt. No. 45 at 1-2. Nothing in his opposition suggests that either PCH Defendant used the alleged wiretap to intercept his communications at any time or otherwise elaborates on his assertions. *Id.* The Court further notes that Plaintiff's allegations regarding the alleged wiretap and his use of the Publishers Clearing House platform are so fanciful and fantastical as to justify dismissal for factual frivolousness. *See Gallop*, 642 F.3d at 368. The Court cannot rationally credit Plaintiff's allegations that his participation, excessive though it may be, in a money sweepstakes led him to win "gazillions of dollars," prompting a "national security alert" and associated government investigation and wiretap. Dkt. No. 45 at 2.

Plaintiff therefore does not state a claim for violation of the Wiretap Act against either PCH Defendant. The Court accordingly dismisses Plaintiff's first cause of action against the PCH Defendants with prejudice.

**2. Plaintiff's Trade Secrets Claim**

Plaintiff also fails to state a claim for trade secret theft. The "owner of a trade secret that is misappropriated may bring a civil action . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b). As the PCH Defendants observe, case law has summarized the definition of "misappropriation" as:

> an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to

> know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty.

Dkt. No. 30-1 at 10 (quoting *Zebra Strategies, Inc. v. Gonzalez-Nazario*, 764 F. Supp. 3d 144, 152 (S.D.N.Y. 2025)) (internal quotation marks omitted). As noted in Section IV.B, *supra*, Plaintiff alleges only that his intellectual property was "copied to a [USB] drive." Dkt. No. 8. In his opposition, he clarifies that his "trade secret is a cure for substance use," the value of which he asserts is "50 [t]rillion dollars." Dkt. No. 45 at 2. While copying a person's private information onto a USB device might be an improper means to acquire a trade secret, Plaintiff's allegations do not indicate that either PCH Defendant copied his information to a USB drive, much less with specificity sufficient for the Court to assess the plausibility of that claim. *See Zebra Strategies, Inc.*, 764 F. Supp. 3d at 152. Plaintiff's allegations regarding his alleged trade secret and its multi-trillion-dollar valuation are also too fanciful for the Court to rationally credit. *See Gallop*, 642 F.3d at 368.

Plaintiff therefore does not state a claim for trade secret theft against either PCH Defendant. The Court accordingly dismisses Plaintiff's second cause of action against the PCH Defendants with prejudice.

**3. Additional Constructive Causes of Action**

The Court might liberally construe Plaintiff's allegations as asserting a cause of action for breach of contract or other state law claims analogous to his federal claims. Any other claim the Court might discern, however, would suffer from the same defects as his two federal statutory causes of action, given his fanciful and speculative allegations. *See generally* Dkt. Nos. 8, 45. The Court accordingly will not strain to read additional claims into the Amended Complaint.[3]

[3] The Court further notes that its jurisdiction over any non-federal cause of action it might discern would arise from the grant of supplemental jurisdiction in 28 U.S.C. § 1367. However, courts can

**D. Leave to Amend**

Before a court dismisses a *pro se* complaint, it should grant leave to amend "at least once[,] when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citing Fed. R. Civ. P. 15(a)). Such an opportunity is not required, however, where the defects warranting dismissal are substantive and repleading would be futile. *See Trombley v. O'Neill*, 929 F. Supp. 2d 81, 106-07 (N.D.N.Y. 2013) (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)). Here, Plaintiff has already amended once. *See* Dkt. No. 8. Even reading his allegations very liberally, the Court can discern no indication that Plaintiff might state a valid claim with the opportunity to amend. The Court accordingly dismisses the claims over which it has jurisdiction with prejudice. As set forth in Section IV.A.2, the Court dismisses Plaintiff's claims against the FBI without prejudice.

**E. Plaintiff's Motion for a Temporary Restraining Order**

Plaintiff also moves the Court for a temporary restraining order against Defendants. The Court notes that Plaintiff does not describe what emergency relief he seeks or the basis for his motion. Nevertheless, having dismissed Plaintiff's underlying causes of action, the Court denies Plaintiff's motion as moot.

---

decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) if, among other reasons, the state law claims "substantially predominat[e] over the claim . . . over which the district court has original jurisdiction [or] the district court has dismissed all claims over which it has jurisdiction. 28 U.S.C. § 1367(c); *see also Shahriar v. Smith & Wollensky Rest. Grp. Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). The Second Circuit has indicated that, as a general rule, district courts "should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) (citation omitted). Given the fantastical nature of Plaintiff's claims and the early stage of this litigation, the values of judicial economy, convenience, fairness, and comity counsel against exercising supplemental jurisdiction over any non-federal cause of action that the Court might read into the Amended Complaint. *See Principia Partners LLC v. Swap Fin. Grp., LLC*, No. 18-cv-7998, 2019 WL 4688711, at *5 (S.D.N.Y. Sept. 26, 2019); see also *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004).

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the FBI's motion to dismiss, Dkt. No. 42, is **GRANTED**; and the Court further

**ORDERS** that Defendants PCH and ARB's motion to dismiss, Dkt. No. 30, is **GRANTED**, and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 8, be **DISMISSED without prejudice** as to the FBI; and **with prejudice** as to Defendants PCH and ARB; and the Court further

**ORDERS** that Plaintiff's motion for a temporary restraining order, Dkt. No. 38, is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules and close the case.[4]

**IT IS SO ORDERED.**

Dated: November 17, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.